UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                 :

DANE H. DESOUZA,                       12 Civ. 1308 (WHP)
                 :

        Plaintiff,                MEMORANDUM & ORDER
                 :

      -against-
                 :

ANDY FRAIN SERVICES, INC., *et al.*,
                 :

      Defendants.
                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/6/12
```

WILLIAM H. PAULEY III, District Judge:

          Plaintiff pro se Dane H. DeSouza ("DeSouza") brings this breach of contract

action against his former employer, Andy Frain Services, Inc. ("AFS") and three individuals:

Dave Clayton ("Clayton"), Dane Vontobel ("Vontobel"), and Laura Grund ("Grund")

(collectively, "Defendants"). Defendants move to dismiss DeSouza's Complaint for failure to

state a claim upon which relief may be granted or, in the alternative, for improper venue. For the

following reasons, Defendants' motion to dismiss for failure to state a claim is granted.

Defendants' motion to dismiss for improper venue is denied as moot.

## BACKGROUND

          From August 2009 to July 2010, DeSouza was Director of Security and Safety for

Highgate Hotels in New York. (Complaint, dated Jan. 12, 2012 ("Compl.") ¶ 4.) In January

2010, Vontobel, AFS's minority owner and Vice-President of Business Development,

approached DeSouza with a "tentative verbal offer" to work as a regional manager for AFS.

-1-

(Compl. ¶ 4.) In February 2010, AFS drafted an employment contract (the "Proposed Employment Agreement") providing for a three-year term of employment. (Compl. ¶ 6.) In April 2010, DeSouza signed the Proposed Employment Agreement, and resigned his position at Highgate Hotels in reliance on it. (Compl. ¶¶ 7-8.) However, the Proposed Employment Agreement did not contain a formal job description or duties. (Compl. ¶ 8.) And Defendants neither finalized nor executed it. (Declaration of David Clayton, dated June 18, 2012 ("Clayton Decl."), Ex. B.) Nevertheless, DeSouza worked as a regional manager at AFS from April 2010 to October 2011, during which time he secured several new accounts for AFS and improved the company's profitability and marketing. (Compl. ¶ 10.) On September 17, 2010, DeSouza and AFS signed a Letter Agreement characterizing DeSouza as an at-will employee with no rights under the earlier Proposed Employment Agreement. (Clayton Decl. Ex. C.)

By letter dated October 27, 2011, AFS terminated DeSouza, citing DeSouza's "poor performance" and his failure to meet "required standards." (Compl. ¶ 11.) DeSouza now claims that Defendants breached the Proposed Employment Agreement by terminating his employment without cause and failing to pay commissions due under that agreement. (Compl. ¶ 16.)

## DISCUSSION

I.   Legal Standard

On a motion to dismiss, a court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in plaintiff's favor. See Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). Nonetheless, "factual allegations must

-2-

be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 540 U.S. 544, 556 (2007) (requiring plaintiff to plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [his claim]"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 555 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citation omitted). A court's "consideration [on a motion to dismiss] is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991); see also Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991).

   Although DeSouza failed to submit any opposition to Defendants' motion to dismiss, his failure to oppose the motion does not, by itself, merit dismissal of the Complaint. See McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000). Rather, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." McCall, 232 F.3d at 322-23. Moreover, because DeSouza is a pro se litigant, this Court construes his Complaint liberally and interprets it to raise the strongest arguments it suggests. See Weixel v. Bd. of Educ. of City of N.Y., 287 F.3d 138, 146 (2d Cir. 2002); see also Haines v. Kerner, 404 U.S. 519, 520, (1972) (a pro se litigant's submissions are held to "less stringent standards than [those] drafted by lawyers"). Nevertheless,

the Court need not accept as true "conclusions of law or unwarranted deductions of fact." First

Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994).

II.    Breach of Written Contract

      DeSouza claims that Defendants breached the Proposed Employment Agreement

by terminating his employment without cause and failing to pay commissions.  To state a claim

for breach of contract under New York law, a plaintiff must allege "(1) a contract; (2)

performance of the contract by one party; (3) breach by the other party; and (4) damages." First

Investors Corp. v. Liberty Mut. Ins. Co., 152 F.3d 162, 168 (2d Cir. 1998) (quoting Rexnord

Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994)) (internal quotation marks

omitted).  To show the existence of a contract, a plaintiff must allege an "offer, acceptance, and

consideration," and make "a showing of a meeting of the minds, demonstrating the parties'

mutual assent and mutual intent to be bound." Sel-Lab Mktg., Inc. v. Dial Corp., No. 01 Civ.

9250 (SHS), 2002 WL 1974056, at *4 (S.D.N.Y. Aug. 27, 2002) (quoting Brodie v. N.Y.C.

Transit Auth., No. 96 Civ. 6813 (LMM), 2000 WL 557313, at *3 (S.D.N.Y. May 5, 2000)).

      As a preliminary matter, this Court may consider both the Proposed Employment

Agreement and the superseding Letter Agreement in evaluating Defendants' motion to dismiss.

Although DeSouza did not attach it to the Complaint, the Proposed Employment Agreement is

integral to the Complaint because it forms the basis of DeSouza's claim.  (Compl. ¶¶ 6, 8, 16.)

Similarly, the Letter Agreement is integral to the Complaint because it undisputedly supersedes

the Proposed Employment Agreement. See Jurupa Valley Specturm, LLC v. Nat'l Indem. Co.,

No. 06 Civ. 4023 (DLC), 2007 WL 1862162, at *5-*6 (S.D.N.Y. June 29, 2007) (concluding that

a document modifying a contract integral to a complaint is also integral to a complaint), aff'd,

555 F.3d 87 (2d Cir. 2009). Where, as here, an unexecuted agreement and an executed contract are integral to the Complaint, courts are "not constrained to accept the allegations of the complaint in respect of the construction of the [contracts]." Int'l Audiotext Network, Inc. v. AT&T Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam).

Turning to the merits, DeSouza's breach of contract claim fails because DeSouza cannot show a meeting of the minds. See Sel-Lab, 2002 WL 1974056, at *4. DeSouza alleges in conclusory fashion that AFS "executed" the Proposed Employment Agreement. (Compl. ¶ 8.) But AFS never signed it. Accordingly, DeSouza does not state a claim for breach of that proposed contract. See Brodie, 2000 WL 557313, at *3 (dismissing breach of contract claim where party against whom enforcement was sought did not intend to be bound). DeSouza's claim also fails because he expressly disclaimed any rights under the Proposed Employment Agreement when he signed the Letter Agreement. Under New York law, "a subsequent contract regarding the same subject matter supersedes the prior contract." Indep. Energy Corp. v. Trigen Energy Corp., 944 F. Supp. 1184, 1195-96 (S.D.N.Y. 1996) (citing Bauman v. Millbrook Care Ltd. P'ship, 850 F. Supp. 1227, 1236 (S.D.N.Y. 1994)). And under the Letter Agreement, DeSouza acknowledged that he was an at-will employee subject to termination at any time. Accordingly, Defendants' motion to dismiss DeSouza's breach of contract claim is granted.

III.    Breach of Oral Contract

DeSouza purports to sue only for breach of an alleged written contract. But to the extent his Complaint can be liberally construed to allege breach of an oral employment contract, such a claim fails. Under New York's statute of frauds, "every agreement, promise, or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed

by the party to be charged therewith . . . if such agreement, promise or undertaking . . . [b]y its terms is not to be performed within one year from the making thereof[.]" N.Y. Gen. Obl. Law § 5-701(a)(1).  Thus, any three-year oral employment agreement between AFS and DeSouza would be unenforceable because it could not be performed within one year.  See Cunnison v. Richardson Greenshields Secs., Inc., 107 A.D.2d 50, 51 (1st Dep't 1985) ( "Oral assurances of a five-year term of employment, even if established, are void and unenforceable under the Statute of Frauds.").  Accordingly, DeSouza fails to state a claim for breach of an oral employment agreement.

IV.    Promissory Estoppel

To the extent DeSouza's Complaint can be liberally construed to assert a promissory estoppel claim, such a claim is also meritless.  To state a claim for promissory estoppel, a plaintiff must allege: (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the promisee, and (3) injury to the promisee as a result of the reliance. Totalpan Corp. of Am. v. Colborne, 14 F.3d 824, 833 (2d Cir. 1994).  Further, the plaintiff must show that "the circumstances are such as to render it unconscionable to deny the promise upon which the plaintiff has relied." Philo Smith & Co. v. USLIFE Corp., 554 F.2d 34, 36 (2d. Cir. 1977) (quoting 3 Williston on Contracts § 533A, at 801 (3d ed. 1960)) (internal quotation marks omitted).  Here, DeSouza does not allege a clear and unambiguous promise.  To the contrary, he describes AFS's verbal employment offer as "tentative" in his Complaint.  (Compl. ¶ 4.) Accordingly, DeSouza fails to state a claim for promissory estoppel.

V.    Unjust Enrichment

Finally, DeSouza's Complaint can be liberally construed to assert an unjust enrichment claim based on the tentative verbal offer or the Proposed Employment Agreement. But this claim fails as well. "To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 586 (2d Cir. 2006) (quoting Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000)) (internal quotation marks omitted). Under the facts alleged here, equity and good conscience do not require restitution. DeSouza does not allege that Defendants deceived him into believing that they had executed the Proposed Employment Agreement when they actually had not done so. And DeSouza acknowledged that he had no employment contract with AFS when he signed the Letter Agreement. (Clayton Decl. Ex. C.) Accordingly, DeSouza fails to state a claim for unjust enrichment.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for failure to state a claim is granted, and DeSouza's Complaint is dismissed in its entirety. Defendants' motion to dismiss for improper venue is denied as moot. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to terminate all pending motions and mark this case closed.

Dated: August 6, 2012
       New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J

*Copies to:*

Dane H. DeSouza
10 W. 135th ST Apt. 8E
New York, NY 10037
*Plaintiff Pro Se*

Sarah K. Logue, Esq.
Hoguet Newman Regal & Kenney, LLP
10 E. 40th Street, 35th Floor
New York, NY 10016
*Counsel for Defendants*